UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRAD KUENZIG and
CHRISANNE OLIVER, on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

v.                                            Case No. 8:11-cv-838-T-24 TGW

KRAFT GLOBAL FOODS, INC.
and HORMEL FOODS CORP.,

        Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Kraft Foods Global, Inc.'s Motion to Dismiss. (Doc. No. 57). Plaintiffs oppose the motion. (Doc. No. 58). As explained below, the motion is **GRANTED**.

## I. Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II.  Background**

Plaintiffs allege the following in their amended complaint (Doc. No. 49): Plaintiffs contend that Defendant Kraft has created misleading and deceptive advertisements for its Oscar Mayer lunch meat products.  Specifically, Plaintiffs contend that by juxtaposing the "percent fat free" claim directly beside the number of calories in a serving (with the two claims often linked by a dot or hyphen), Kraft's advertisements suggest that the fat free percentage is based on calories, rather than on the weight of the lunch meat.  As a result, Plaintiffs contend that Kraft's advertising is deceptive and misleading because consumers are misled into believing that there are less fat calories in each product than there actually are.  Plaintiffs contend that people who were exposed to Kraft's misleading advertising would not have purchased the lunch meat but for Kraft's misleading and deceptive "percent fat free" claims.

Plaintiff Brad Kuenzig, a Florida resident, alleges that he has been exposed to "numerous" of these deceptive and misleading advertisements and purchased Kraft's Oscar Mayer brand lunch meat products that were advertised as being a certain percentage fat free during the twelve month period prior to October 13, 2011.  Plaintiff Chrisanne Oliver, an Idaho

2

resident, also alleges that she has been exposed to "numerous" of these deceptive and misleading advertisements and purchased Kraft's Oscar Mayer brand lunch meat products that were advertised as being a certain percentage fat free during the twelve month period prior to October 13, 2011.

The amended complaint provides detail regarding several allegedly misleading and deceptive advertisements for Kraft's Oscar Mayer lunch meat products, such as screen-shots of different websites on which the advertisements appear. However, neither Plaintiff specifically identifies which advertisement they saw, when they saw the advertisement, which specific lunch meat product they purchased, or the specific date of their purchase. Additionally, for all of the described advertisements, the allegedly misleading portion of the advertisements consists solely of Kraft's inclusion of pictures of their lunch meat labels, on which the alleged "linking" of the "percent fat free claim" with the number of calories per serving occurs. There are no "percent fat free" claims explicitly "linked" with calorie claims anywhere else in the advertisements.[1]

Plaintiffs filed this lawsuit under the Class Action Fairness Act on behalf of all people throughout the country that were exposed to Kraft's deceptive advertising regarding its Oscar Mayer lunch meat and then purchased such products after April 2006. Plaintiffs assert one count in their amended complaint—that Kraft's advertising is an unfair or deceptive act in violation of each state's Little Federal Trade Commission Acts ("Little FTC Acts claim").

Prior to filing the amended complaint, Plaintiff Kuenzig filed an eleven count original

---

[1]The only other alleged display of a nutritional content claim in the advertisements comes from the advertisement's identification of the specific product, i.e., one website advertisement identifies the product as "Oscar Mayer Deli Fresh 98% Fat Free Shaved Ham," and one video advertisement identifies the product being used as "Oscar Mayer 98% Fat Free Turkey." (Doc. No. 49, p. 6, 11).

complaint that focused, for the most part, on the allegedly misleading nature of Kraft's "percent fat free" claims linked with calorie claims on its Oscar Mayer lunch meat labels. Kraft moved to dismiss the original complaint, and this Court granted the motion.[2] (Doc. No. 45). Specifically, the Court explained the USDA's regulation of the labeling of meat and poultry products, which requires submission and review of such labels to ensure that they are not misleading. The Court also noted that the FDA had rejected the suggestion that "percent fat free" claims should be based on the amount of total calories contributed by fat and not on the weight of the product, because the FDA determined that consumers are most familiar with such claims being expressed in terms of grams per serving.[3] Given the regulation and review of Kraft's labels, as well as Kraft's compliance with those regulations, the Court concluded that any state law claim based on the contention that Kraft's labels were misleading was preempted.

The original complaint also contained a Little FTC Acts claim, and the Court evaluated the sufficiency of Plaintiff Kuenzig's allegations under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). The Court concluded that to the extent the claim was based on Kraft's labels, the claim failed as a matter of law due to the USDA's approval of the labels. The Court noted, however, that Plaintiff Kuenzig's Little FTC Acts claim was also based on Kraft's non-label advertising. After concluding that the claim was not sufficiently pled as to Kraft's non-label advertising, the Court dismissed the claim but granted leave to amend as to the non-

---

[2]The Court specifically incorporates by reference its September 12, 2011 dismissal order into this order.

[3]While the USDA through the FSIS regulates the labeling of meat, poultry, and egg products, the FDA regulates all other food labeling. The FSIS's nutrition labeling regulations for meat and poultry products parallels, to the extent possible, the FDA's nutrition labeling regulations. See 58 FR 632-01, 1993 WL 1405, at *632, 637.

label advertising only.

Thereafter, Plaintiffs filed the amended complaint, in which they assert a Little FTC Acts claim based on Kraft's linking of its "percent fat free" claims to calories in its advertisements. In response, Kraft moves to dismiss.

### III. Motion to Dismiss

Kraft makes several arguments in support of its motion to dismiss. However, the Court does not need to analyze each argument, because the Court agrees that dismissal is clearly warranted.

The thrust of Kraft's arguments is that because Plaintiffs cannot assert a Little FTC Acts claim based on Kraft's labels, Plaintiffs also cannot assert a Little FTC Acts claim based on Kraft's inclusion of pictures of its labels in its advertising. Stated differently, Kraft argues that because it complied with the federal regulations regarding the use of the "percent fat free" claims on its labels, and because the USDA approved Kraft's labels, Kraft meets the safe harbor provisions of FDUTPA and the Idaho Consumer Protection Act ("ICPA"). Specifically, the safe harbor provisions of FDUTPA and ICPA provide that there is no liability under those statutes when the challenged action is permitted under federal law. See Fla. Stat. § 501.212(1) (stating that FDUTPA does not apply to acts specifically permitted by federal law); Idaho Code 48-605 (stating that ICPA does not apply to actions permitted under laws administered by a regulatory body acting under the authority of the United States); Idaho Code 48-618 (stating that an absolute defense to an ICPA claim exists if the challenged practice is subject to and complies with statutes administered by the FTC, or any duties, regulations or decisions interpreting such statutes). Accordingly, Kraft argues, it could not violate FDUTPA or ICPA by including

pictures of its USDA-approved labels in its advertising.  The Court agrees.  See <u>Prohias v. Astrazeneca Pharmaceuticals, L.P.</u>, 958 So. 2d 1054, 1056 (Fla. 3d DCA 2007)(stating that because the challenged advertising was supported by labeling approved by the FDA, the plaintiff's FDUTPA claim failed).  As such, the Court concludes that Plaintiffs' claim against Kraft must be dismissed, as they are simply attempting to challenge Kraft's labels indirectly through its advertisements.

## IV.  Conclusion

Therefore, it is ORDERED AND ADJUDGED that:

(1) Kraft's Motion to Dismiss (Doc. No. 57) is **GRANTED**, and Plaintiffs' claim against Kraft is **DISMISSED WITH PREJUDICE**.

(2) Kraft's Motion for Leave to File a Reply Brief (Doc. No. 59) is **DENIED AS MOOT**.

(3) The Clerk is directed to enter judgment in favor of Kraft.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of February, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record