UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRAD KUENZIG and
CHRISANNE OLIVER, on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

v.   Case No. 8:11-cv-838-T-24 TGW

KRAFT GLOBAL FOODS, INC.
and HORMEL FOODS CORP.,

        Defendants.
_____/

## **ORDER**

This cause comes before the Court on Defendant Hormel Foods Corporation's Motion to Dismiss or Strike. (Doc. No. 56). Plaintiffs oppose the motion. (Doc. No. 58). As explained below, the motion is **GRANTED**.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II. Background**

Before the Court describes the content of the amended complaint at issue, the Court needs to explain the procedural background of the case that led to the amended complaint. On April 18, 2011, Plaintiff Kuenzig filed an eleven count original complaint that focused, almost entirely, on the allegedly misleading nature of Hormel's "percent fat free" claims on its Natural Choice lunch meat labels. (Doc. No. 1). Hormel moved to dismiss the original complaint, and this Court granted the motion.[1] (Doc. No. 45).

In its dismissal order, the Court explained the USDA's regulation of the labeling of meat and poultry products, which requires submission and review of such labels to ensure that they are not misleading. The Court also noted that the FDA had rejected the suggestion that "percent fat free" claims should be based on the amount of total calories contributed by fat, as opposed to the weight of the product, because the FDA determined that consumers are most familiar with such

---

[1] The Court specifically incorporates by reference its September 12, 2011 dismissal order into this order.

2

claims being expressed in terms of grams per serving.[2]  Given the regulation and review of Hormel's labels, as well as Hormel's compliance with those regulations, the Court concluded that any state law claim based on the contention that Hormel's labels were misleading was preempted.

Additionally, the Court found that even if Kuenzig's claims were not preempted, his contention that Hormel's "percent fat free" claims on its labels were misleading failed as a matter of law.  The basis for that conclusion was the fact that the "percent fat free" claims did not, in any way, reference calories.

The original complaint also contained a Little Federal Trade Commission Acts claim ("Little FTC Acts claim"), and the Court evaluated the sufficiency of Kuenzig's allegations under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").  The Court concluded that to the extent the claim was based on Hormel's "percent fat free" claims in its labels, the claim failed as a matter of law due to the USDA's approval of the labels.  The Court noted, however, that Kuenzig's Little FTC Acts claim was also based on Hormel's "percent fat free" claims in its non-label advertising.  After concluding that the claim was not sufficiently pled as to Hormel's use of the "percent fat free" claims in its non-label advertising, the Court dismissed the Little FTC Acts claim without prejudice.  However, the Court granted Kuenzig leave to amend the Little FTC Acts claim in order to describe how the context of Hormel's "percent fat

---

[2]While the USDA through the FSIS regulates the labeling of meat, poultry, and egg products, the FDA regulates all other food labeling.  The FSIS's nutrition labeling regulations for meat and poultry products parallels, to the extent possible, the FDA's nutrition labeling regulations.  See 58 FR 632-01, 1993 WL 1405, at *632, 637.

free" claims in its non-label advertising was somehow misleading.[3]

Thereafter, Plaintiffs filed the amended complaint based on the Court's permission to amend granted in the dismissal order. However, rather than respecting the scope of the Court's grant of leave to amend (which only authorized the Little FTC Acts claim based on Hormel's use of "percent fat free" claims in its non-label advertising), the amended complaint contains a new plaintiff (Chrisanne Oliver) and newly asserted deceptive and unfair acts by Hormel. Specifically, Plaintiffs now allege that Hormel's advertisements are misleading due the inclusion of: (1) "percent fat free" claims, (2) claims that its lunch meat is "100% Natural," and (3) claims that its lunch meat has "No Preservatives."

In response to the amended complaint, Hormel moved to dismiss the amended complaint in its entirety, or in the alternative, to strike the newly added plaintiff and newly asserted deceptive and unfair acts. Accordingly, the Court will address the motion to strike and then address the motion to dismiss.

### III. Motion to Strike

Hormel moves to strike the newly asserted "100% Natural" and "No Preservatives" claims, as well as the newly added Plaintiff Oliver. Hormel contends that in the Court's dismissal order, the Court only granted Kuenzig leave to amend the Little FTC Acts claim in

---

[3]Specifically, the Court stated: "Plaintiff's allegations regarding the unfair and deceptive nature of [Hormel's] websites and non-label advertising describe the unlawful conduct as [Hormel] misrepresenting that [its] products are a particular "percent fat free" based on calories. However, Plaintiff does not describe the context of the misrepresentations, i.e., Plaintiff does not state whether the websites and non-label advertising consist of "percent fat free" claims in isolation or in proximity to a calorie claim. Given the scarce detail regarding this claim, the Court dismisses this claim without prejudice. However, the Court will give Plaintiff leave to amend the claim." (Doc. No. 45, p. 19-20).

order to provide detail regarding the context of Hormel's "percent fat free" claims in its non-label advertising.  The Court did not state that Kuenzig could join additional parties or allege additional unfair or deceptive acts.

The Court agrees with Hormel that the amended complaint exceeds the scope of permissible amendment.  This case was allegedly brought because Kuenzig bought Hormel's lunch meat and was misled by the "percent fat free" claims contained on Hormel's labels.  In the amended complaint, however, Plaintiffs allege that they bought Hormel's lunch meat and were misled by "percent fat free" claims, "100% Natural" claims, and "No Preservatives" claims made in Hormel's advertisements.  Because the same lunch meat purchase(s) by Kuenzig are presumably the basis for the amended complaint, he would have known about Hormel's additional deceptive or unfair acts that occurred prior to his purchase(s) of the lunch meat that now form an additional basis for his Little FTC Acts claim in the amended complaint.  Thus, had Kuenzig actually sought leave to amend to expand the scope of his Little FTC Acts claim, the Court would not have granted such a motion without a showing that Kuenzig had not unduly delayed in asserting the newly identified unfair or deceptive acts.  However, Kuenzig never sought leave to amend in order to expand the scope of his Little FTC Acts claim.

Instead, Kuenzig disregarded the scope of the Court's grant of leave to amend and added the newly asserted "100% Natural" and "No Preservatives" claims, as well as the newly added Plaintiff Oliver.  The Court agrees with Hormel that these additional unfair or deceptive acts and the additional party are due to be stricken from the amended complaint.  See The Cincinnati Ins. Co. v. Cochran, 2006 WL 4495335, at *3 (11th Cir. Dec. 27, 2006)(affirming dismissal of a newly asserted counterclaim that exceeded the scope of the district court's grant of leave to

amend). Accordingly, the Court grants Hormel's motion to strike the portions of the amended complaint relating to Hormel that exceeded the scope of the Court's grant of leave to amend (i.e., the newly asserted "100% Natural" and "No Preservatives" claims, as well as the newly added Plaintiff Oliver). As such, the Court will consider only Kuenzig's Little FTC Acts claim to the extent that it is based on Hormel's "percent fat free" claims in its non-label advertising.

## IV. Motion to Dismiss

In the amended complaint, Kuenzig asserts that Hormel's use of the "percent fat free" claims in its advertising is an unfair or deceptive act in violation of each state's Little FTC Acts. Hormel moves to dismiss, arguing that Kuenzig fails to state a claim under FDUTPA. The Court agrees that dismissal is warranted.

Kuenzig alleges that Hormel's advertisements are misleading due to its use of "percent fat free" claims, such as claiming that a product is 98% fat free. Kuenzig alleges that consumers are misled by Hormel's "percent fat free" claims into believing that the percentage of fat in the lunch meats is based on calories, as opposed to being based on weight. As a result, Kuenzig alleges that Hormel's advertising is deceptive and misleading because consumers are misled into believing that there are less fat calories in each product than there actually are.

Kuenzig provides details regarding several allegedly misleading and deceptive advertisements by including screen-shots from different websites on which the advertisements appear. However, all but one of the examples are based on Hormel's inclusion of pictures of its labels in its advertising. The only exception is a screen-shot from a third-party vendor's website that shows a picture of Hormel's label and also has an information box next to the picture that lists the details for the product, including that the product is 98% fat free. Accordingly, the

Court will analyze both types of advertising of Hormel's "percent fat free" claims.

### A. "Percent Fat Free" Claims Asserted Solely Through Pictures of Hormel's Labels

Hormel argues that because Kuenzig cannot assert a Little FTC Acts claim based on Hormel's labels, Plaintiffs also cannot assert a Little FTC Acts claim based on Hormel's inclusion of pictures of its labels in its advertising. Stated differently, Hormel argues that because it complied with the federal regulations regarding the use of the "percent fat free" claims on its labels, and because the USDA approved Hormel's labels, Hormel meets the safe harbor provision of FDUTPA. Specifically, the safe harbor provision of FDUTPA provides that there is no liability under FDUTPA when the challenged action is permitted under federal law. See Fla. Stat. § 501.212(1) (stating that FDUTPA does not apply to acts specifically permitted by federal law). Accordingly, Hormel argues, it could not violate FDUTPA by including pictures of its USDA-approved labels in its advertising. The Court agrees. See Prohias v. Astrazeneca Pharmaceuticals, L.P., 958 So. 2d 1054, 1056 (Fla. 3d DCA 2007)(stating that because the challenged advertising was supported by labeling approved by the FDA, the plaintiff's FDUTPA claim failed). As such, the Court concludes that dismissal with prejudice is warranted, because Plaintiffs are simply attempting to challenge Hormel's labels indirectly through its advertisements.

### B. "Percent Fat Free" Claims Asserted Outside of Hormel's Labels

With regard to the one advertisement[4] on the third-party vendor's website that shows a picture of Hormel's label and also has an information box next to the picture that indicates that the product is 98% fat free, the Court reaches the same conclusion that the advertisement is not

---

[4]The advertisement is depicted in paragraph 34 of the amended complaint.

actionable. In the Court's prior dismissal order regarding the original complaint, the Court found that even if Kuenzig's claims were not preempted, his contention that Hormel's "percent fat free" claims were misleading failed as a matter of law. (Doc. No. 45, p. 14-15). The basis for that conclusion was the fact that the "percent fat free" claims did not, in any way, reference calories. The Court granted Kuenzig leave to amend his Little FTC Acts claim in order to describe how the context of Hormel's "percent fat free" claims in its non-label advertising was somehow misleading.

Kuenzig has failed to provide sufficient allegations in the amended complaint to support the contention that Hormel's advertisement of its "percent fat free" claim outside of the picture of its label was somehow deceptive or unfair. Kuenzig has not alleged, and the screen-shot of the one example does not show, that Hormel referenced calories in the advertisement. Given that calories are not referenced, and given that "percent fat free" claims have been based on weight, not calories, for the past seventeen years, Kuenzig has not alleged a basis upon which it could be concluded that an objectively reasonable person would construe Hormel's "percent fat free" claim as being based on the percentage of calories that come from fat. As such, Kuenzig has not alleged a basis upon which it could be concluded that Hormel's use of the "percent fat free" claim in the advertisement was unfair or deceptive. Accordingly, the Court finds that this advertisement does not violate FDUTPA, and as such, Kuenzig's Little FTC Acts claim based on Hormel's "percent fat free" claims must be dismissed with prejudice in its entirety.

**V. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Hormel's Motion to Dismiss or Strike (Doc. No. 56) is **GRANTED**.

(2) The Court **STRIKES** the portions of the amended complaint relating to Hormel that exceeded the scope of the Court's grant of leave to amend (i.e., the newly asserted "100% Natural" and "No Preservatives" claims, as well as the newly added Plaintiff Oliver).

(3) The Court **DISMISSES WITH PREJUDICE** Kuenzig's Little FTC Acts claim to the extent it is based on Hormel's advertisement of the "percent fat free" claims.

(4) Hormel's Motion for Leave to File a Reply Brief (Doc. No. 59) is **DENIED AS MOOT**.

(5) The Clerk is directed to enter judgment in favor of Hormel and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of February, 2012.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record